### NATIONAL BANK OF ORANGE COUNTY v. VAN STEENBURGH.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—SUFFICIENCY OF COMPLAINT.

Plaintiff, a bank, alleged that it discounted a note with defendant as indorser; that it recovered judgment thereon; that defendant executed a new note to plaintiff, which it accepted in satisfaction of the judgment; that it recovered judgment on such new note, and issued execution thereon, which was returned unsatisfied, and that prior to the execution of any of these notes defendant had furnished money to his brother J. with which to purchase a tract of land, title to which he took in trust for defendant, with intent to aid him in defrauding his creditors; that J. had executed a mortgage on the land at the request of defendant to secure a loan to defendant; that J. had executed to defendant a declaration of trust in the land; and that J., at the request of defendant, had executed a conveyance of the premises in blank, and delivered the same to defendant, who wrote the name of his wife in the blank, but that J.'s wife did not join therein. Plaintiff charged all these transactions to be fraudulent, and prayed that the land be subjected to its judgment. *Held*, that the complaint sufficiently stated a cause of action, both as showing a fraudulent and void transaction, and setting out circumstances from which a trust in J. arose in favor of defendant's creditors.

Appeal from special term, Orange county.

Action by the National Bank of Orange County against Burhans van Steenburgh and others. From a judgment for plaintiff, defendant Van Steenburgh appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Herbert Gedney*, for appellant. *Bacon & Merritt*, for respondent.

DYKMAN, J. This is an appeal from an order overruling a demurrer to the complaint, on the ground of insufficiency, and from the interlocutory judgment entered upon such order. It is the object of the action to reach certain real property, and procure the payment of a judgment therefrom, and the following is a brief statement of the material allegations of the complaint. It alleges the organization of the bank under the law of congress, and the discounting of a promissory note for the demurring defendant, Burhans van Steenburgh, for $3,000, the proceeds of which were received by him. That note was indorsed by Aaron Innis, the payee, by the Goshen Foundry & Gas Machinery Company, and Burhans van Steenburgh. When that note became due it was protested for nonpayment, and an action was commenced thereon against Burhans van Steenburgh and the Goshen Foundry & Gas Machinery Company, and a judgment was entered against the defendants in favor of the plaintiff for $3,321.60, on the 17th day of April, 1888. About the 23d day

of January, 1889, the defendant Burhans van Steenburgh presented to the plaintiff a promissory note, signed by himself as maker, payable to the order of William T. Russell, and indorsed by him, for $3,400, payable in four months after date, and requested the plaintiff to take the same in the place of the judgment so obtained as stated above, and the same was so accepted, and the judgment was satisfied of record. That last note was renewed several times, the last renewal being August 13, 1889. In August, 1890, the plaintiff commenced an action upon that note against the maker and indorser, but the maker alone was served with the summons and complaint on the 27th day of August, 1890, and judgment was entered against him in the action, August 10, 1891, for $3,600.93. There was an attachment issued in that action under which the real property described in the complaint was seized. On the 16th day of September, 1891, an execution upon the said judgment was issued against the property of Burhans van Steenburgh to the sheriff of Orange county, where Van Steenburgh resided, and that execution was returned wholly unsatisfied, and the judgment stands unpaid. On the 23d day of January, 1885, the defendant James H. van Steenburgh, at the request of Burhans van Steenburgh, who furnished the money to pay for the same, purchased the land and premises described in the complaint, and the deed of conveyance for the same was taken in the name of James H. van Steenburgh in trust for Burhans van Steenburgh. James H. van Steenburgh paid no part of the consideration for the land, and the complaint charges that he took and held the same in trust for his brother Burhans van Steenburgh, for the purpose of aiding him in his unlawful design of cheating and defrauding his creditors. About the 12th day of September, 1888, James H. van Steenburgh, at the request of Burhans, executed and delivered to the defendant Alexander Goldsmith a mortgage upon a portion of the land for $6,000, which was received by Burhans. The complaint further charges that James H. has executed and delivered to Burhans an instrument in some form, either declaring the trust upon which he held the property or conveying the same in blank. In September, 1888, James H., at the request of Burhans, and without any consideration, executed another conveyance in blank for the premises, and delivered the same to Burhans, who subsequently wrote the name of Ida D. van Steenburgh, his wife, in the deed as grantee, without any consideration. That deed has not been delivered to her, but she is fully informed of the fraudulent character and purpose of the conveyance. The defendant Annie van Steenburgh is the wife of James H., but she did not join in the deed to Ida.

This lengthy recitation has been made to show how full and complete the complaint is, and how well it justifies the prayer for relief which it contains. The basal fact is that the plaintiff became the creditor of Burhans van Steenburgh on the 11th day of December, 1883, and has continued to be such creditor from that time. The debt has never been paid. The acceptance of the note in place of the judgment did not pay the debt. It was but the substitution of a new security for it. There was no new consideration for that note, and it was given for the antecedent debt. Under those circumstances, the land conveyed to James H., and paid for by Burhans, was impressed with a trust in favor of the plaintiff as an existing creditor of Burhans, which it can enforce in this action by virtue of the statute, (1 Rev. St. p. 728, § 51,) and that trust in favor of the plaintiff will prevail over the title of James H., because he paid no consideration for his conveyance, (*Wood* v. *Robinson*, 22 N. Y. 564.) Moreover, the facts alleged are amply sufficient to enable the plaintiff to maintain this action to have the conveyances declared fraudulent and void, and have its judgment paid by a sale of the land under the direction of the court. The order and judgment should be affirmed, with costs. All concur.